*889 OPINION.
Smith:
The petitioner contends that the taxes for 1917 are barred because not assessed and collected within the statutory five-year period or within any extension thereof agreed to by the petitioner and the Commissioner by a consent in writing for a determination, assessment, and eolleetion of the taxes, as provided in section 250(d) (1) of the Revenue Act of 1921. It contends that the so-called waiver executed by it and the Commissioner on January 19, 1923, provided merely for a later assessment, and, therefore, was not a consent to a later determination, assessment, and eolleetion as authorized by the statute. It cites Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, in support of this contention. It further contends that the subsequent waiver executed on February 28, 1924, extending the time for assessment and collection of taxes for 1917 and 1918 to February 28,1925, was of no effect as to the 1917 taxes, which were at that time already barred, and cites Joy Floral Co. v. Commissioner, 29 Fed. (2d) 865, in support of this contention.
We are of the opinion that Bowers v. New York & Albany Lighterage Co., supra, is not in point in this proceeding. In that case there was no question of a waiver of the statute of limitations filed by the taxpayer. The filing of the waiver by the petitioner on January 19, 1923, in the instant proceeding, sharply differentiates this case from the decision of the Supreme Court in the above cited case.
The facts in this proceeding are substantially the same as those considered by the Board in Friend M. Aiken, 10 B. T. A. 553, affirmed by the Circuit Court of Appeals for the Eighth Circuit, 35 Fed. (2d) 620. In that case the taxpayer, on February 7, 1921, filed a waiver as to the time for assessment of any additional tax for the calendar year 1917. On March 3, 1924, he signed a waiver or consent as to the “ determination, assessment, and collection of the tax due for the year 1917.” It was held that the chain of waivers in evidence operated to prevent the statute of limitations from tolling. The decision, of the court is based upon many cited authorities. That decision is controlling here.

Judgment will be entered for the respondent.